RITCHIE, DECEASED, LAST WILL AND TESTAMENT, IN RE.

Probate Court, Butler County.

No. 35556.

*Mr. Huntington V. Parrish.*
*Mr. Marc A. Fiehrer.*

WALSH, P. J.  In Administration Docket No. 61, at page 322, of the Probate Court of Butler County, Ohio, there is entered the following:

October 23, 1962—Application to admit Will to Probate.

October 23, 1962—Notice to: (No next of kin known).

November 7, 1962—Entry—Interlocutory, denying probate of Will.  Hearing set November 26, 1962, at 10.30 a. m.

November 23, 1962—Motion to make Norman E. Heyn and Frederick C. Heyn parties to proceedings.

November 23, 1962—Entry—authority granted.

November 26, 1962—Affidavit of mailing notice by registered mail on 10th of November, 1962.  Copies sent to all legatees and devisees.

The Court finds that all parties entitled to notice upon the hearing on the Interlocutory Order have been properly notified and that they alone, or with counsel, were present in Court.

That the Application for Probate filed on October 23, 1962, listed "no known persons entitled to inherit from said decedent under the statutes of descent if said decedent had died intestate." Later, but before the date of the hearing on the Interlocutory Order, Mr. Marc A. Fiehrer, attorney at law, made known to the applicant, that he represented two persons who alleged to be next of kin of the deceased. The record disclosed that Mr. Fiehrer, attorney, appeared at the hearing representing Frederick C. Heyn and Norman Heyn, as heirs at law of the deceased, Emma L. Ritchie.

The Court is of the opinion that notice required under the application for probate of Will, was perfected upon these heirs at law by their attorney representing them at the hearing upon the Interlocutory Order, and that the Court now has jurisdiction to proceed to make a final determination as to the matter before it.

At the bottom of the Will offered for Probate, there are these words written in ink, with pencil lines blurring the words "parts of which":

"This will no longer in force—I am making a new one— parts of which has been signed by Rose Hepting as witness.
                                        Emma L. Ritchie"

It is important that these written words, and signed by Emma L. Ritchie, bear the date of October 28, 1961.

The Court is of the opinion that Exhibit (1) and Exhibit (2) cannot be subject to probate for the reason that there is only one attesting witness to each of the paper writings. The Court is also of the opinion that the memorandum wherein Emma L. Ritchie desires at her passing, that certain articles so listed in the memorandum, be given to the Butler County Historical Society, cannot be considered as a Will or Codicil thereof. At best, it merely expresses a desire that the objects so listed, go to the Society. The memorandum does not revoke, nor affirm, any, or all, of the provisions of the Last Will and Testament executed by the Testatrix on March 21, 1957.

The words added to, and signed by, the Testatrix, Emma L. Ritchie, on the Will herein offered for probate, bears the date of October 28, 1961. The paper writings identified as Exhibit (1) and Exhibit (2), bear the dates of August 14, 1961, and

September 28, 1961. Both of these dates are prior to the date of October 28, 1961, and both of these paper writings as Exhibits (1) and (2), indicate an intention on the part of the Testatrix to change, alter and modify her original Will. As the Court has previously stated, both paper writings fail as Wills because of improper execution.

The only question before the Court, is whether or not the words at the bottom of the Will "This will no longer in force—I am making a new one—parts of which has been signed by Rose Hepting as witness. Signed Emma L. Ritchie and dated October 28, 1961," effectuates a cancellation of this Will. The pencil writings at the top of the Will, stating "Made a new Will in 1961, witness Rose Hepting and the signature of E. Ritchie" must also be given consideration.

There are other markings in pencil on the Will, such as check marks, numerical figures and pencil lines through certain words in various parts of the Will, which appear to be not in the handwriting of the Testatrix. The numerical figures appearing on the left margin of the paper writing opposite the printed items of the Will, give different numbers than those typed thereon.

It is the opinion of the Court that Emma L. Ritchie must have thought that she was making a good and valid Will, or Wills at the time she executed the paper writings designated herein as Exhibit (1) and Exhibit (2).

In viewing the Will offered for probate, together with the Exhibits and other papers, it is the conclusion of this Court that it was not the intention of Emma L. Ritchie to die intestate, and that when the other paper writings were ineffectual as Wills because of the lack of proper attestation, this Court must permit the Last Will and Testament, properly executed and dated March 21, 1957, to be probated.

This Court is further of the opinion that if there would be any doubt in the mind of the Court as to whether or not the words so written on the Will being probated, constitutes a cancellation, the Court is without jurisdiction to resolve such a question, but must allow the Will for probate. The statute amply provides for any interested parties effected adversely by the allowance of such a Will to probate, to seek a proper remedy in an action to contest the Will.

It is therefore the opinion and conclusion of this Court that the paper writing entitled Last Will and Testament of Emma L. Ritchie, signed by the Testatrix and duly attested by two witnesses, and dated March 21, 1957, be, and the same hereby is, admitted to probate.

An entry may be drawn accordingly.